# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00325-RJC-DCK

| | |
|---|---|
| ANTHONY A. SHARP, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| M. MILLER, Presbyterian Hospital (Doctor); ) | |
| JOHN DOE, Presbyterian Hospital (Doctor); ) | |
| and GOLDEN LIVING CENTER, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a review of Plaintiff's pro se Amended Complaint. (Doc. No. 9).

## I. BACKGROUND

Plaintiff Anthony A. Sharp ("Sharp") filed his original Complaint on July 23, 2015, (Doc. No. 1), which listed himself and his sister, Talisha M. Rogers ("Rogers"), as Plaintiffs. Upon initial review of the original Complaint, the Court found that all Plaintiffs' federal claims failed; therefore, the Court lacked federal question jurisdiction. (Doc. No. 7). The Court further found that it lacked diversity jurisdiction because Rogers and the defendants reside in North Carolina; therefore, there was not complete diversity among the parties. (Id.). Consequently, the Court dismissed Plaintiffs' Complaint without prejudice on December 7, 2015, and the case was closed. (Doc. Nos. 7, 8).

Thereafter, on January 5, 2016, Sharp filed an Amended Complaint in this matter. (Doc. No. 9). The Amended Complaint is almost identical to the original Complaint. With the exception of the EMTALA claim, which was pled in the original Complaint, the Amended Complaint asserts

all the same claims based upon the same set of facts. The Amended Complaint, however, no longer lists Rogers as a Plaintiff, thereby establishing complete diversity among the parties.[1]

## II. STANDARD OF REVIEW

The Court must examine the complaint to determine whether it has jurisdiction and to determine whether the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

Sharp's Amended Complaint asserts the same causes of action premised upon the same set of facts. Liberally interpreted, the Amended Complaint asserts claims for: (1) violation of the Eighth Amendment; (2) medical malpractice;[2] (3) negligence/wrongful death; (4) gross

---

[1] The Court notes that Rogers has filed a separate action against the same defendants using an almost identical complaint. (No. 3:16-cv-00099-RJC-DCK, Doc. No. 1).

[2] Sharp lists a claim for "Breach of duty by a professional," and he asserts that the defendants were "unprofessional in their dealing of [his] mother's medical care." These claims, however, fall under the medical malpractice claim.

negligence; and (5) conspiracy. As discussed in the Court's previous Order, (Doc. No. 7), Sharp's federal cause of action under the Eighth Amendment is barred. In order to state a claim for violation of the Eighth Amendment, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48–49 (1988). The defendants in this matter are not state actors; therefore, there can be no Eighth Amendment violation.

Furthermore, as the Court ruled in its previous Order, (Doc. No. 7), Sharp's claims for medical malpractice, negligence/wrongful death, and gross negligence must also be dismissed. A Rule 9(j) certification must be filed in order to sustain a claim for medical malpractice in North Carolina. N.C. Gen. Stat. 1A-1, Rule 9(j); see also Littlepaige v. United States, 528 F. App'x 289, 292 (4th Cir. 2013) (unpublished). Sharp failed to submit such a certification. Moreover, North Carolina statute defines a medical malpractice action as "[a] civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11(2). Any negligence or wrongful death claim brought against hospitals or hospital providers pertaining to the provision of professional medical services or clinical patient care, therefore, sounds in medical malpractice and is not a claim for ordinary negligence. Littlepaige, 528 F. App'x at 292–94. Consequently, such actions must be certified per Rule 9(j). Id. Accordingly, Sharp's medical malpractice claim and any claim for relief based upon medical malpractice must be dismissed.

The only other claim remaining is a claim for conspiracy, which also fails. In North Carolina, "there is no independent cause of action for civil conspiracy; the claim can arise only where there is an underlying claim for unlawful conduct." Byrd v. Hopson, 265 F. Supp. 2d 594,

599 (W.D.N.C. 2003), aff'd, 108 F. App'x 749 (4th Cir. 2004).  Thus, where all the underlying claims have been dismissed, the civil conspiracy claim must also be dismissed.  Id.

Having found that Sharp's Amended Complaint fails to state a claim upon which relief may be granted, the Amended Complaint must be **dismissed**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Amended Complaint, (Doc. No. 9), is **DISMISSED**.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge